**FILED & ENTERED**

**JUL 28 2017**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis       DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>VIOLATIONS OF 11 U.S.C. § 110(g)<br><br><br><br><br><br><br><br>Debtor(s). | Case No.: 2:17-mp-00107-BB<br><br>**ORDER OF CIVIL CONTEMPT FOLLOWING HEARING ON ORDER TO SHOW CAUSE; INJUNCTION PROHIBITING CERTAIN CONDUCT BY JAMES MITCHELL TO PREVENT RECURRING VIOLATIONS OF SECTION 110(g) OF THE BANKRUPTCY CODE**<br><br>Date:     July 12, 2017<br>Time:     10:00 AM<br>Courtroom: 1539 |

Having found that James Mitchell ("Mitchell"), whose address is 440 W. 110th Street, Los Angeles, California  90061, had on multiple occasions within the past two years brought bankruptcy filings to the court's intake window for cases in which the name of a bankruptcy petition preparer was not disclosed and Mitchell was either a petitioning creditor or one of the debtors, on May 17, 2017, this Court opened the above miscellaneous proceeding and issued and served on Mitchell in that

proceeding an order to show cause why Mitchell should not be sanctioned pursuant to

11 U.S.C. § 110(g) for having received filing fees from debtors in connection with a list

of identified cases (the "First OSC") [Docket No. 1].  The First OSC expressly directed

Mitchell to appear in person for a hearing on the OSC on June 7, 2017 at 10:00 a.m.

in Courtroom 1539 of the above-entitled Court and ordered that any responses to the

First OSC should be in writing and filed with the Court not less than 14 days before

the hearing.  The First OSC advised Mitchell further that "Mitchell's failure to appear

for testimony at said date and time may subject him to the imposition of sanctions

including bodily detention."

When Mitchell failed to appear for the June 7 hearing[1] or to file any written

response to the First OSC, this Court issued and served on Mitchell its June 12, 2017

"Order to Show Cause re Contempt for Failure to Appear in Response to Order to

Show Cause Why Sanctions Should Not be Imposed" (the "Second OSC") [Docket

No. 6].  The Second OSC ordered Mitchell to appear in person for a hearing on July

12, 2017 at 10:00 a.m. in Courtroom 1539 of the above-entitled Court to show cause

why he should not be held in contempt for failure to appear in response to the First

OSC.  The Second OSC, like the first, advised Mitchell that any responses to the

Second OSC should be in writing and filed with the Court not later than 14 days

before the date of the hearing.  The Second OSC makes no reference to any prospect

of bodily detention, and this Court did not issue an order requiring Mitchell's detention.

Mitchell failed to appear on July 12, 2017 when the Court first called his matter;

however, he managed to arrive in Courtroom 1539 before the Court had completed its

---

[1] Mitchell has claimed at various points in time that he actually showed up for this hearing but that the courtroom was dark.  This is inaccurate.  Mitchell did attempt to gain entry to Courtroom 1539, Judge Bluebond's courtroom, but not on June 7, 2017.  He attempted to gain entry to Courtroom 1539 on June **8**, 2017 – one date after the scheduled hearing on the First OSC – at a time when the Court was not in session.

-2-

10:00 a.m. calendar.  The Court therefore recalled the matter and conducted a

hearing on the Second OSC on July 12, 2017.  At that hearing, Mitchell was

belligerent, rude, disrespectful and threatening to the Court and refused to answer

any questions or provide any information or detail whatsoever concerning the

bankruptcy cases identified in the attachment to the First OSC or his role in

connection with these filings.   Instead, Mitchell insisted on providing the Court with a

copy of a Petition for a Writ of Habeas Corpus that he had filed with the District Court

(subsequently filed as Docket No. 11 in this proceeding) that he claimed had some

bearing on his ability to respond to the Court's questions.  The Court was unable to

follow whatever argument Mitchell was attempting to advance as to the significance or

legal impact of this document.

      Having reviewed its records and files concerning bankruptcy cases in which

Mitchell has been involved in the past two years, the Court hereby takes judicial

notice of the following facts and circumstances concerning the cases identified in the

attachment to the First OSC:

      1.    On November 9, 2015, Mitchell was a petitioning creditor in an

involuntary bankruptcy case (number 2:15-27156-DS) filed against the following

debtor(s):  Ronald White, aka Jamal White, aka Ronald Parker Thomas, aka Jamal

Parker Thomas.  (Mitchell commenced another involuntary bankruptcy petition in

2014 (case no. 2:14-23291-BB) against someone named Jamal Parker.)  The

involuntary summons was never served in this case.  The Court dismissed the case

with a 180-day bar to refiling following a hearing on an Order to Show Cause after

finding that it was not a bona fide filing and after granting relief from stay with regard

to a piece of real property located at 762 W. El Segundo Boulevard, Gardena, CA 90247 (the "El Segundo Property").

2.     On August 5, 2016, Mitchell was a petitioning creditor in an involuntary bankruptcy case (number 2:16-20426-BR) against the following debtor(s):  Rita McCall, aka Jorge Guerrero, aka Cornell Fauler, aka Kelly Jones Estate.  This court verifies the identity of persons bringing petition packages to its filing window by checking and making copies of their driver's licenses.  This petition package was brought to the Court by an individual named Jamal Dijon Thomas Parker.  The docket reflects the filing of addendum to the involuntary petition (Docket No. 8) on August 19, 2016, adding two additional handwritten names for the alleged debtor:  "Nicholas Camacho" and "Callie Whitmore Estate."  The Court issued an order to show cause whether the case should be dismissed or an involuntary summons issued.  The Court conducted a hearing on that OSC on September 7, 2016.  There were no appearances, and the case was dismissed with a 180-day bar to refiling by order entered September 8, 2017 (Docket No. 9).

3.     On August 23, 2016, an individual named Roberto Rodriguez filed an involuntary bankruptcy case (number 2:16-21248-ER) against the following debtor(s): Leevester Walton, aka Nicholas Camacho, aka James Mitchell, aka Callie Whitmore Estate.  The bankruptcy court issued an order to show cause why the bankruptcy case should not be dismissed as having been filed in bad faith (Docket nos. 5 and 7). The Court found that the case had been commenced in bad faith and dismissed the case "with prejudice" by order entered October 13, 2016 (Docket No. 15), retaining jurisdiction to consider a pending motion for relief from stay with regard to the same El

Segundo Property.  The Court granted that motion by order entered October 18, 2016 (Docket No. 21).

4.      On March 7, 2017, Mitchell brought a voluntary chapter 13 petition package to the filing window to commence bankruptcy case no. 2:17-12687-DS on behalf of the following debtor(s):  Jamilah Thomas, aka Jamal Parker Thomas, aka Callie  Whitmore Estate, aka Resident DEP Customer AC 460 835 000."  The address shown for this/these debtor(s) was the El Segundo Property.  The case was dismissed for failure to file schedules, statements and/or plan by order entered April 5, 2017 (Docket No. 15).  The Court granted a motion for relief from stay with regard to the El Segundo Property by order entered April 26, 2017 (Docket No. 20).

5.      On April 17, 2017, Mitchell brought a voluntary chapter 13 petition package to the filing window to commence bankruptcy case no.2:17-14661-NB on behalf of the following debtor:  "Jamilah Thomas, aka Jamal Parker Thomas."  The address shown for this debtor was the El Segundo Property.  After the court granted multiple extensions for the deadlines to file various documents, the court dismissed the case with a 180-day bar to refiling after the required documents were not filed.

In light of the foregoing, the Court hereby makes the following findings of fact and conclusions of law:

1. A single bankruptcy case cannot be commenced by or against more than one debtor unless it is a "joint case," and a joint case may only be filed by two legally married individuals.

2. Absent extenuating circumstances, as, for example, with transgendered individuals, it is unlikely that a single individual debtor would use alternate names to refer to himself/herself that are traditionally both male and female

names.  The Court has no reason to believe that any of the debtors identified in the cases in paragraphs 1 through 5 above are transgendered individuals.

3. A chapter 13 case can only be commenced by an individual, that is, a human being.  Other types of entities cannot file chapter 13 bankruptcies.

4. Neither a probate estate nor any other kind of estate is eligible to file bankruptcy.  Callie Whitmore Estate and Kelly Jones Estate are not eligible to be debtors in bankruptcy.

5. Each of the bankruptcy cases identified in paragraphs 1 through 4 above appear to have been filed improperly against multiple debtors

6. A "bankruptcy petition preparer" within the meaning of section 110 of the Bankruptcy Code is a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing.

7. Bankruptcy Code section 110(g) prohibits bankruptcy petition preparers from collecting or receiving any payment from the debtor or on behalf of a debtor for the court fees in connection with the filing of a petition.

8. Mitchell is either a bankruptcy petition preparer or is working for and at the direction of a bankruptcy petition preparer.  Mitchell has refused to identify any bankruptcy petition preparer for or with whom he may be working.

9. Mitchell, acting sometimes as a petitioning creditor, sometimes as a debtor (or one of a series of debtors) and sometimes as a runner delivering papers to the Court, has repeatedly filed bankruptcy cases in this Court in bad faith.

10.  Absent bad faith and improper collusion, it is extremely unlikely that someone would file an involuntary petition against someone either before or after he served as a runner to file a case on that same person's behalf. Mitchell first served as a petitioning creditor in a case he filed against Jamal Parker Thomas, and thereafter Jamal Thomas Parker acted as a runner for an involuntary case that Mitchell filed against someone else, and Mitchell served as a runner in a voluntary case filed by Jamal Parker Thomas.

11. In instances in which Mitchell has acted as a runner to deliver petition packages to this Court on behalf of others, Mitchell has violated Bankruptcy Code section 110(g) by collecting from the debtors the filing fee necessary to commence the case.

12. Mitchell, acting sometimes as a petitioning creditor, sometimes as a debtor (or one of a series of debtors) and sometimes as a runner delivering papers to the Court, has repeatedly filed bankruptcy cases against or on behalf of more than one debtor at a time in instances in which the people or entities alleged to be debtors are either not entitled to be joint debtors (because they are not spouses) or are not eligible to be debtors at all (because they are estates).

13. Mitchell has repeatedly participated in filing bankruptcy cases in bad faith for the purpose attempting to prevent a foreclosure, eviction or other legal action with regard to the real property located at 762 W. El Segundo Boulevard, Gardena, California  90047 (the "El Segundo Property").

14. By participating in the commencement of multiple bad faith bankruptcy cases for the purpose of hindering, delaying and/or defrauding parties with

an interest in the El Segundo Property, Mitchell has engaged in fraudulent, unfair and deceptive conduct.

15. Injunctive relief is appropriate and necessary to prevent Mitchell's continued violations of section 110(g) of the Bankruptcy Code.

16. Injunctive relief is appropriate and necessary to prevent the reoccurrence of Mitchell's fraudulent, unfair and deceptive conduct.

17. Mitchell has behaved in a disrespectful and contemptuous manner before this Court and has not offered in response to either the First OSC or the Second OSC any information that would have any tendency to suggest that his role in connection with the bankruptcy cases identified above is appropriate or lawful.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. James Mitchell is hereby found to be in contempt of this Court based on his disrespectful conduct toward Judge Bluebond on July 12, 2017 and is hereby fined the sum of $500, payable to the Clerk of the United States Bankruptcy Court within 30 days after entry of this order.

2. James Mitchell is hereby enjoined from serving as runner to deliver bankruptcy petitions to the bankruptcy court unless that petition package is a voluntary petition package that meets all of the requirements set forth in paragraphs 4(a) and (b) below.  The clerk is hereby directed to reject any filing delivered to the Court by James Mitchell unless that petition package is a voluntary petition package that meets all of the requirements set forth in paragraphs 4(a) and (b) below.

3. James Mitchell is hereby enjoined from serving as a petitioning creditor in any involuntary bankruptcy case.  The clerk is hereby directed to reject or summarily dismiss any filing delivered to the Court in which James Mitchell is a petitioning creditor, any case in which James Mitchell joins as a petitioning creditor or any involuntary case in which James Mitchell acts as a runner for the filing of any documents with this Court.

4. Nothing contained in this order is intended to enjoin James Mitchell from filing a voluntary bankruptcy case on his own behalf provided that both of the following requirements are met with regard to that filing:

    a. The only debtor(s) named in the petition is/are James Mitchell or James Mitchell and one other individual to whom James Mitchell is legally married; and

    b. The petition package is presented at the Court's intake window together with a certified copy of a marriage license showing that Mitchell is legally married to the other person whose name appears as a debtor on the petition.

5. The clerk is hereby directed to reject any petition package that contains the name James Mitchell as a debtor unless all of the requirements of paragraphs 4(a) and (b) have been met.

6. The clerk is hereby authorized to summarily dismiss any case in which James Mitchell is a debtor if, after the commencement of the case, anyone files an amendment to the petition purporting to add any other names for the debtor (including the name of James Mitchell's spouse, as a joint debtor may not be added to an existing case).

7. **Nothing contained in this order is intended to authorize any filing that is, has been or will be enjoined or barred by a separate order of this court.**

###

Date: July 28, 2017

Sheri Bluebond
United States Bankruptcy Judge